No. 76–5326. DUKES v. WAITKEVITCH ET AL. C. A. 1st Cir. Certiorari denied.

MR. JUSTICE MARSHALL, with whom MR. JUSTICE BRENNAN joins, dissenting.

The Court today refuses to review the Court of Appeals' conclusion that a black male charged with raping a white female in the racially troubled city of Boston is not entitled to have prospective jurors questioned about racial prejudice. I do not believe that the Court of Appeals' holding is justified by last Term's decision in *Ristaino* v. *Ross*, 424 U. S. 589 (1976).

Charges of interracial rape have long played a major role in the mythology of racial prejudice. See, *e. g.*, *Powell* v.

*Alabama,* 287 U. S. 45 (1932); G. Allport, The Nature of Prejudice 349–355 (1958). When such a charge is made, especially in a city where racial conflict is close to the surface, it blinks reality to conclude, as the Court was able to find in *Ristaino,* that "[t]he circumstances . . . did not suggest a significant likelihood that racial prejudice might infect [petitioner's] trial." 424 U. S., at 598. Thus, under the standard set forth in *Ristaino,* this defendant was entitled to assure himself that the jury would consider only the evidence, not his race and the race of the alleged victim, when it determined his fate.

By refusing to review this conviction the Court does not, of course, endorse the Court of Appeals' understanding of *Ristaino.* It does, however, add to the lengthening " 'epitaph for those "essential demands of fairness" recognized by this Court 40 years ago in *Aldridge* [v. *United States,* 283 U. S. 308 (1931)].' " *Id.,* at 599 (MARSHALL, J., dissenting), quoting *Ross* v. *Massachusetts,* 414 U. S. 1080, 1085 (1973) (MARSHALL, J., dissenting from denial of certiorari). By failing to respond to those demands, the Court empties of meaning the promise of *Aldridge* and of our recent decision in *Ham* v. *South Carolina,* 409 U. S. 524 (1973). That promise is the fundamental guaranty of a fair trial before an impartial jury.

I respectfully dissent.